**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No. 2:18-mn-2873-RMG <br><br> **This Document relates to**: <br><br> *The City of Muscle Shoals, Ala. v. 3M Co.*; No. 2:24-CV-07479-RMG <br><br> *Colbert County, Ala. v. 3M Co.*; No. 2:24-CV-07480-RMG |

### 3M'S MOTION TO STRIKE DUPLICATIVE MOTION FOR REMAND

Defendant 3M Company ("3M") respectfully submits this Motion to Strike Plaintiffs The City of Muscle Shoals, Alabama and Colbert County Alabama's Case-Specific Motion to Remand (the "Motion to Remand") (Dkt. #6610). In support of its motion, 3M states as follows:

1. On August 5, 2024, 3M removed the *Muscle Shoals* and *Colbert County* cases to the District Court for the Northern District of Alabama. *Muscle Shoals* Dkt. #1; *Colbert County* Dkt. #1.

2. 3M promptly identified *Muscle Shoals* and *Colbert County* as potential tag-along actions to this MDL, and the clerk of the JPML issued a conditional transfer order for both cases. MDL No. 2873 JPML Dkt. #2803, 2804. Plaintiffs moved to vacate the conditional transfer order, but the JPML denied Plaintiffs' motion and ordered their cases transferred to this MDL on December 12, 2024. JPML Dkt. #2931, 3166.

3. Prior to transfer, while the actions were pending in the Northern District of Alabama, Plaintiffs filed motions to remand in both cases, which were fully briefed, including multiple supplemental filings beyond the standard motion, opposition, and reply. *Muscle Shoals* Dkt. #3, 8, 10, 11, 19, 27, 33, 34, 38, 43, 44, 45; *Colbert County* Dkt. #3, 8, 10, 11, 16, 24, 30,

1

31, 35, 39, 40, 41. And, on September 12, 2024, oral argument was heard on Plaintiffs' motions to remand. *See Muscle Shoals* Minute Entry dated 9/12/2024 & Dkt. #39; *Colbert County* Minute Entry dated 9/12/2024.

4. However, the Northern District of Alabama did not rule on the motions for remand before the JPML ordered these cases transferred to this MDL.

5. Pursuant to Case Management Order No. 2, Plaintiffs' fully-briefed motions to remand filed in the Northern District of Alabama remain pending following transfer to this MDL, and the proper manner of bringing the pending motions to the Court's attention is to file a "Notice of Pending Motions to Remand." CMO 2 ¶¶ 40, 41.

6. Accordingly, Plaintiffs' newly-filed Motion to Remand is improper and duplicative of fully-briefed and argued motions to remand that are already pending in the respective actions.

7. Plaintiffs' newly-filed Motion to Remand should therefore be stricken to avoid further unnecessary briefing, conserve resources of the Parties and the Court, and maintain order in the management of this complex MDL, consistent with the Case Management Orders issued by the Court.

8. Pursuant to Local Civil Rule 7.02, counsel for Plaintiffs and 3M have conferred with counsel for Plaintiffs and requested withdrawal of the improperly filed Motion to Remand. In response to 3M's outreach, Plaintiffs filed a Notice of Pending Motions to Remand. Dkt. #6615. However, Plaintiffs declined to withdraw their duplicative new Motion to Remand, claiming that the new Motion to Remand "consolidates and summarizes the plaintiffs' position on the remand issue." Plaintiffs' position simply underscores the unnecessarily duplicative nature of the new Motion to Remand.

9.  Pursuant to Local Civil Rule 7.04, no accompanying memorandum has been submitted herewith because this Motion fully sets forth the grounds for relief, and a separate memorandum would serve no useful purpose.

For these reasons, 3M respectfully requests that Plaintiffs' new Motion to Remand be stricken. In the alternative, 3M requests 21 days from the ruling on this motion to file a response to the new Motion to Remand.

Dated: January 30, 2025                                    Respectfully submitted,

/s/ Daniel L. Ring
Daniel L. Ring
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
dring@mayerbrown.com

*Counsel for 3M Company*