**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | ) ) ) ) ) ) ) ) ) ) ) | MDL NO: 2:18-MN-2873-RMG<br><br>This filing relates to:<br><br>2:25-cv-01647-RMG<br>2:24-cv-07479-RMG<br>2:24-cv-07480-RMG |

**GENERAL DENIAL AND STATEMENT OF AFFIRMATIVE DEFENSES OF
DEFENDANT BFI WASTE SYSTEMS OF NORTH AMERICA, LLC**

Defendant, BFI Waste Systems of North America, LLC ("BFI" or "Defendant"), by and through its undersigned counsel, hereby submits this general denial and affirmative defenses in response to the complaint filed in the above-referenced actions, and to any other complaints filed by any other plaintiff (collectively, "Plaintiffs") against BFI (collectively, "Complaints") that become subject to the administration of this Multidistrict Litigation ("MDL").

**<u>GENERAL DENIAL</u>**

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, BFI denies each and every allegation set forth in the Complaints, and the whole thereof, and each and every alleged cause of action therein, and BFI demands strict proof of the same by a preponderance of the evidence and/or by clear and convincing evidence or other applicable legal standard as required by law.  BFI further denies that Plaintiffs have sufficiently alleged grounds upon which any relief could be granted. BFI further denies that Plaintiffs have sustained damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any alleged act, breach, or omission on the part of BFI or anyone acting on its behalf.  BFI reserves its rights to assert counterclaims, cross-claims and/or third-party claims, and does not waive its ability to answer separately and fully or to respond

otherwise to each Complaint in accordance with the Federal Rules of Civil Procedure and any scheduling order or case management order to be entered by the Court.

### AFFIRMATIVE DEFENSES

1.      The Complaints, and each cause of action or count alleged therein, fail to state a claim upon which relief may be granted against BFI.

2.      The court in which the action was filed, or which Plaintiffs have designated as the "Home Venue," lacks subject matter and personal jurisdiction over BFI, and the Complaints should therefore be dismissed under Rule 12(b)(1) and Rule 12(b)(2) of the Federal Rules of Civil Procedure.

3.      Plaintiffs' claims are barred or limited for lack of standing.

4.      The Complaints, and each alleged claim contained therein, are barred, in whole or in part, by the applicable statutes of limitations.

5.      The Complaints, and each alleged claim contained therein, are barred, in whole or in part, by the applicable statutes of repose.

6.      The Complaints, and each cause of action or count alleged therein, fail to join all necessary and indispensable parties.

7.      The Complaints, and each alleged claim contained therein, are barred, in whole or in part, because BFI is entitled to immunity from suit under the government contractor defense. *See, e.g., Boyle v. United Technologies Corp*., 487 U.S. 500 (1988).

8.      Plaintiffs' Complaints fail to allege any grounds for piercing the corporate veil or otherwise imposing vicarious liability on BFI.

9.      The Complaints, and each alleged claim contained therein, are barred, in whole or in part, by the doctrine of laches.

10.     The Complaints, and each alleged claim contained therein, are barred, in whole or in part, because Plaintiffs are not the real party in interest or lack capacity to bring their claims, including claims indirectly maintained on behalf of their citizens and/or customers and claims brought as *parens patriae*.

11.     Plaintiffs' claims are not ripe and/or have been mooted.

12.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to exhaust administrative remedies.

13.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

14.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

15.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata/claim preclusion and collateral estoppel/issue preclusion.

16.     Any injuries and/or damages alleged to have been sustained by Plaintiffs may have been caused or contributed to by the negligence or actual conduct of Plaintiffs and/or other persons, firms, corporations, or entities over whom BFI had no control or right of control and for whom BFI is not responsible, including, but not limited to, intervening cause and/or superseding causes.

17.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of election of remedies.

18.     Plaintiffs' claims are barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

19.     Plaintiffs' claims are barred, in whole or in part, because BFI used proper methods in handling disposed/discharged materials in conformity with (i) federal and state regulations,

3

standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art practices in existence at the time.

20.     Plaintiffs' claims are barred, in whole or in part, because any alleged levels of alleged contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

21.     Plaintiffs' claims are barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by BFI that are the subject of Plaintiffs' claims.   BFI is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

22.     The claims against the BFI fail because it does not exercise sufficient control over the alleged nuisance causing property and do not exercise sufficient control over the instrumentality of the alleged nuisance.

23.     The claims against BFI fails because there was no intentional act by BFI that would support a claim for trespass.

24.     Plaintiffs' claims are barred, in whole or in part, under the doctrine of Federal and State Preemption and primary jurisdiction, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

25.     Plaintiffs' claims are, or may be, barred to the extent the "permit shield" doctrine and "federally permitted release" defense applies, because any leachate was discharged to WWTPs pursuant to lawful permits.

26.     Plaintiffs' strict liability claims, if any, are barred to the extent strict liability is not (or was not during the applicable time period) recognized as a cause of action under applicable law.

27.     BFI asserts its right to allocation or apportionment of fault pursuant to applicable state law, as well as its rights to a proportionate reduction of any damages found against BFI based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

28.     There are no allegations against BFI stated with sufficient particularity to constitute a cause of action for fraud, fraudulent misrepresentation, concealment, intentional or willful acts or the like which would meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

29.     Plaintiffs' claims against BFI are barred or limited by the economic loss rule.

30.     Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures which might reasonably have been made.  Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages, if any.

31.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, and/or release.

32.     Plaintiffs have alleged an injury that, as a matter of law, does not support a recovery in tort.

33.     To the extent that Plaintiffs have split their claims, Plaintiffs' claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

34.     Plaintiffs' claims are barred, in whole or in part, because BFI did not owe a legal duty to Plaintiffs or, if it owed such a duty, it did not breach, and/or fully discharged that duty.

35.     Plaintiffs' claims are barred, in whole or in part, because, at all relevant times, BFI exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

36.     Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions of BFI proximately caused the purported injuries and damages allegedly sustained by Plaintiffs.

37.     BFI affirmatively alleges that recipients of its disposed/discharged materials (including without limitation leachate) understood and accepted the nature/contents of the materials.

38.     Plaintiffs' claims for alleged injuries and damages are barred, in whole or in part, because the claims are speculative, uncertain and conjectural.

39.     Plaintiffs' claims are barred, in whole or in part, under the doctrines of contributory negligence, comparative negligence, and/or related doctrines available under applicable law.

40.     BFI denies any liability, but in the event BFI is found to have any liability to Plaintiffs, BFI is entitled to an offset against any such liability on its part for the greatest of: (i) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaints; (ii) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaints; or (iii) the equitable share of the liability of any person or entity that heretofore has received, or

hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Complaints; and any payment, monies, grants, or other assistance from any federal, state or local governmental entity on non-governmental entity related to the upgrade or improvement of Plaintiffs' water systems to remove or reduce PFAS or other such chemicals.

41.     BFI cannot be held jointly and/or severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct, and the alleged harm is divisible from and greater than any harm allegedly caused by acts or omissions of BFI.

42.     Plaintiffs' claims are barred, in whole or in part, for failing to link any of their alleged exposure to any of BFI's disposed/discharged materials.

43.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs cannot establish that their alleged injuries were caused by exposure to PFAS or from any of BFI's disposed/discharged materials.

44.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that PFAS or any other exposure alleged by Plaintiffs have been reliably established, through scientific means, to be capable of causing their alleged injuries.

45.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that they were exposed to a sufficient concentration or amount of PFAS, and/or for a sufficient duration, which has been reliably established, through scientific means, to be capable of causing their alleged injuries.

46.     Plaintiffs' claims are barred, in whole or in part, because BFI acted reasonably and in good faith.

47.     Plaintiffs' damages, if any, were caused or contributed to by third parties over whom BFI has no control and no legal duty to control.

48.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek to retroactively impose liability for conduct that was not actionable at the time it occurred, and BFI may not be held liable under retroactive theories not requiring proof of fault or causation.

49.     Any damages Plaintiffs may have suffered were not reasonably foreseeable by BFI at the time of the conduct alleged.

50.     Plaintiffs' claims are barred, in whole or in part, because BFI neither knew, nor should have known, that any of the substances to which Plaintiffs were allegedly exposed constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to BFI at all times relevant to the claims or causes of action asserted by Plaintiffs.

51.     BFI is entitled to all the procedural, substantive, and other protections, caps, and limitations provided by the state statutes and other state and federal law regarding Plaintiffs' claims for compensatory and punitive damages.

52.     The Complaints fail to state a claim upon which punitive or exemplary damages may be awarded.

53.     BFI did not engage in any conduct which would warrant or form a valid basis for an award of punitive damages.

54.     Plaintiffs have failed to plead adequately and/or allege that BFI acted with the requisite state of mind to warrant an award of punitive damages.

55.     BFI has complied with all applicable statutes and regulations set forth by local, state, and/or federal government(s) with regard to the conduct alleged in the Complaints, and, therefore, to the extent that consideration is given to Plaintiffs' claims, punitive damages are unwarranted in law and fact.

56.     Punitive damages are not available because all conduct and activities of BFI related to matters alleged in the Complaints conformed to industry standards based upon the state of medical, scientific, and/or industrial knowledge which existed during the relevant and material time period.

57.     Punitive damages are not available because BFI neither knew nor should have known that the substances to which Plaintiffs were allegedly exposed constituted a reasonable or foreseeable risk of physical harm, and BFI therefore lacked notice that its conduct was unlawful or subject to punishment and an award of punitive damages would violate BFI's constitutional right to due process.

58.     Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute, or are unconstitutional insofar as they violate the due process protections afforded by the Unites States Constitution, including without limitation the Fifth, Eighth, and Fourteenth Amendments to and the Excessive Fines Clause and Full Faith and Credit Clause of the United States Constitution, and any other applicable provisions of the Constitution of any other state whose laws may apply.

59.     Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to preexisting conditions, for which BFI cannot be held responsible.

60.     To the maximum extent allowed by applicable law, BFI is entitled to recover its costs and attorneys' fees incurred in defending Plaintiffs' claims.

61.     BFI reserves the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

BFI does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the

alternative, and none constitutes an admission that BFI is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. BFI reserves its rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any answer or disclosure of affirmative defenses of any defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

## **GENERAL DENIAL OF CROSS-CLAIMS**

To the extent cross-claims have been or may be filed against BFI, BFI further denies the allegations of any and all cross-claims that may be asserted against it by any other party.

Date: April 2, 2025

Respectfully submitted,

/s/ William G. Beck
William G. Beck, MO Bar No. 26849
LATHROP GPM LLP
2345 Grand Blvd., Suite 2200
Kansas City, Missouri 64108
Phone: 816.292.2000
Fax: 816.292.2001
Email: william.beck@lathropgpm.com

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed with this Court's CM/ECF on this 2nd day of April, 2025 and was thus served electronically upon counsel of record. In addition, I hereby certify that on March 19, 2025, a true and correct copy of the foregoing was served via electronic mail upon the following counsel.

| | |
|---|---|
| John B. White, Jr.<br>Marghretta H. Shisko<br>Christopher R. Jones<br>Griffin L. Lynch<br>JOHN B. WHITE JR. P.A.<br>291 S. Pine Street<br>Spartanburg, SC 29302<br>jwhite@johnbwhitelaw.com<br>mshisko@johnbwhitelaw.com<br>cjones@johnbwhitelaw.com<br>glynch@johnbwhitelaw.com<br>Attorneys for Plaintiff | Connor Bauknight<br>MAYNARD NEXSEN<br>1230 Main Street, Suite 700<br>Columbia, SC 29201<br>cbauknight@maynardnexsen.com<br><br>Andrew Mathias<br>MAYNARD NEXSEN<br>104 South Main Street, Suite 900<br>Greenville, SC 29601<br>amathias@maynardnexsen.com<br>kdiamaduros@maynardnexsen.com<br>Attorneys for Burlington Industries, Inc. |
| Wesley T. Moran<br>NELSON MULLINS<br>3751 Robert M. Grissom Parkway, Suite 300<br>Myrtle Beach, SC 29577<br>wes.moran@nelsonmullins.com<br><br>Merritt G. Abney<br>Sarah Powell<br>NELSON MULLINS<br>151 Meeting Street, Suite 600<br>Charleston, SC 29401<br>merritt.abney@nelsonmullins.com<br>sarah.powell@nelsonmullins.com<br>Attorneys for Aladdin Manufacturing Corporation and Mohawk Industries, Inc. | William J. Farley III<br>TROUTMAN PEPPER LOCKE<br>301 S. College Street, 34th Floor<br>Charlotte, NC 28202<br>will.farley@troutman.com<br>Attorney for Domtar Paper Company, LLC<br><br>Robert C. Osborne III<br>PARKER POE<br>850 Morrison Drive, Suite 400<br>Charleston, SC 29403<br>robertosborne@parkerpoe.com<br>Attorney for Elevate Textiles, Inc. |

/s/ William G. Beck
Attorney for Defendants

11