# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>This Document Relates To:<br><br>*The City of Muscle Shoals, Ala., et al., v. 3M Company, Inc., et al.*, No. 2:24-cv-07479-RMG ("*Muscle Shoals*")<br><br>*Colbert County, Ala., et al., v. 3M Company, Inc., et al.*, No. 2:24-cv-07480-RMG ("*Colbert County*")<br><br>**Filed Pursuant to CMO 2A** |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO 3M'S MOTION TO STAY

The City of Muscle Shoals, Alabama, and the Muscle Shoals Utilities Board ("Muscle Shoals") and Colbert County, Alabama, and the Colbert County Water Department ("Colbert County"), respectfully request that this Court deny 3M's Motion to Stay Briefing of Plaintiffs' Motions for Remand (Dkt. No. 7006). In support, Plaintiffs set forth and state as follows:

1. 3M once again seeks to delay the remand of two cases, *Muscle Shoals* and *Colbert County*, that are critically different from nearly every other case pending in this MDL.

2. These two cases—litigated in state court for *two years* prior to removal to federal court—concern the direct discharge of PFOS- and PFOA-contaminated wastewater and stormwater from 3M's own manufacturing facility in Decatur, Alabama. They have nothing to do with 3M's production or sale of PFAS to the military, or any other entities for that matter.

3. The facts distinguishing *Muscle Shoals* and *Colbert County* from nearly every other case in this MDL also form the basis of Plaintiffs' Renewed Motion to Remand (Dkt. No. 6919). ***These grounds for remand are not dependent upon the effectiveness of any disclaimer of AFFF or the holding of the Fourth Circuit in Maryland v. 3M Co., 130 F.4th 380 (4th Cir. 2025).***

1

4.   In other words, regardless of the Fourth Circuit's ruling in the *Maryland* case—the entire focal point of 3M's request for a stay—there are simple, case-specific reasons why *Muscle Shoals* and *Colbert County* should be remanded to state court.

5.   3M removed these cases to the Northern District of Alabama two years into litigation, and the cases were transferred this MDL before the Northern District of Alabama reached the merits of Plaintiffs' remand arguments.

6.   As 3M recognizes, this Court issued an order denying without prejudice Muscle Shoals' and Colbert County's then-pending motions for remand "in light of the Fourth Circuit's ruling in the consolidated action *Maryland v. 3M Co*." (Dkt. No. 6790.) That order explicitly permitted Plaintiffs to "renew their motion and briefing, taking into account the Fourth Circuit's opinion in *Maryland*" within 30 days. *Id.*

7.   On April 4, 2025, Muscle Shoals and Colbert County did just as this Court ordered, filing a Renewed Motion to Remand (Dkt. No. 6919) that raised three distinct grounds for remand:

- *First*, this Court has held "*as a matter of law*" that 3M cannot establish the first prong of its purported government contractor defense by showing that the AFFF MilSpec was a "reasonably precise specification." *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, No. MDL 2:18-MN-2873-RMG, 2022 WL 4291357, at *8 (D.S.C. Sept. 16, 2022). The unique facts of these two cases also preclude 3M from alternatively establishing this prong through the "continued use" doctrine. (Dkt. No. 6919, at 9–14.) For these two cases, 3M's government contractor defense is not just implausible, but *impossible*, and federal officer removal is not warranted.

- *Second*, these two cases concern 3M's improper *disposal* of PFAS-contaminated waste, not its improper *production* of PFAS. *See id.* at 14–18. Therefore, even if 3M "acted under" the federal government in its manufacture of AFFF for the U.S. military, there is no "causal nexus" between 3M's manufacture and sale of a product to the federal government and 3M's improper waste disposal practices that violate state law permits and local ordinances. *See Carter v. Monsanto Co.*, 635 F. Supp. 2d 479, 497 (S.D.W. Va. 2009).

- *Third*, 3M admits that it "was able to remove" these cases to federal court months— if not years—before doing so, but instead engaged in "substantial defensive action" in state court for *two years* before finally removing these cases to federal court (and

2

just weeks from a scheduled hearing to set the cases for trial). (*See* Dkt. No. 6919, at 18–23.) 3M therefore "waived its right to removal." *See Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181, 186 (4th Cir. 2017).

8. Plaintiffs' Renewed Motion to Remand made clear that "[t]hese reasons for remand do not depend on the legal effect of any AFFF disclaimer and are separate and distinct from the issues presented in the Fourth Circuit's recent decision in the *Maryland v. 3M* case." (Dkt. No. 6919, at 2.) 3M even admits that "Plaintiffs seek remand on grounds they argue to be independent of the Fourth Circuit's ruling in *Maryland*." (Dkt. No. 7006, at 3.)

9. Rather, 3M's request for a stay of briefing—conveniently filed *after* Plaintiffs' remand motions are on file and 3M is now on the clock to respond—is based on a single footnote in Plaintiffs' Renewed Motion to Remand stating that Plaintiffs "preserve their argument that remand is warranted based upon their explicit disclaimer of AFFF in the event that the Fourth Circuit's holding in *Maryland* . . . is altered upon *en banc* review or other court action." (3M Mot. to Stay, Dkt. No. 7006, at 3) (citing Pl.'s Renewed Mot. to Remand, Dkt. No. 6919, at 4, n.5.)

10. In other words, 3M wants the Court to stay consideration of three independent (and factually unique) grounds for remand, simply because a fourth potential argument for remand—completely distinct from the other three grounds—is being hashed out on appeal *in different cases*.

11. 3M offers no authority to support such a request. In fact, 3M's Motion to Stay does not even touch the four considerations that courts make "when determining whether to stay a case pending appeal":

> (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits, (2) whether the applicant will be irreparably harmed absent a stay, (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies.[1]

---

[1] These factors have generally been applied in the context of a stay pending appeal of a remand order in that case. 3M has cited no case in which a court has stayed determination of a motion to remand in one case due to a pending appeal on a different basis for remand in a different case.

*See Cook v. S.C. Pub. Serv. Auth.*, No. 6:19-CV-03285-TLW, 2020 WL 869732, at *1 (D.S.C. Feb. 13, 2020) (citing *Niken v. Holder*, 556 U.S. 418, 434 (2009)).

12.     It is clear why 3M avoids discussion of these factors: they cut strongly against 3M's request for a stay. For instance, 3M cannot show that it "will be irreparably harmed absent a stay," since this Court would be authorized (perhaps even obligated) to *sua sponte* consider independent reasons why subject matter jurisdiction may be lacking. *Cf. Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction . . . may (or, more precisely, must) be raised *sua sponte* by the court.").

13.     Meanwhile, a stay would substantially injure the Plaintiffs and harm the interests of the public. The Tennessee River—Plaintiffs' sole source of drinking water—is contaminated with PFOS and PFOA far in excess of what the federal government or the State of Alabama has deemed acceptable. (*See* Dkt. No. 6919, at 5.) As 3M's own PFAS engineering consultant (Arcadis) has warned: "the number of systems requiring treatment may create high demand for both equipment and contracting services, potentially resulting in delays"; therefore, "progressing quickly to design and construction is important to ensure timely compliance with federal regulations and remove PFAS as expediently as possible." (*Muscle Shoals* Dkt. No. 4-3, at 3.)

14.     These cases were on the verge of a hearing to set the cases for trial when 3M removed them and initiated transfer, and a stay would simply delay even further these communities' day in court and their ability to comply with federal regulations. (Dkt. No. 6919, at 7.) All the while, 3M continues to actively discharge PFOS and PFOA directly into the Plaintiffs' raw water supply—depended upon by tens of thousands of Plaintiffs' customers—and all of this delay would simply be due to a pending decision from the Fourth Circuit that is entirely irrelevant to the arguments raised in the Plaintiffs' Renewed Motions to Remand.

15.     Colbert County and Muscle Shoals respectfully request that the Court hear Plaintiffs' Renewed Motion to Remand and deny 3M's Motion to Stay.

Respectfully submitted this 25th day of April 2025.

      /s/ Jeff Friedman
Jeff Friedman (FRI018)
jfriedman@friedman-lawyers.com
Lee Patterson (PAT060)
lpatterson@friedman-lawyers.com
Jay Friedman (FRI049)
jayfriedman@friedman-lawyers.com
Ethan Wright (WRI082)
ewright@friedman-lawyers.com
***Attorneys for Plaintiffs***

**OF COUNSEL:**
FRIEDMAN, DAZZIO & ZULANAS, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
Tel: 205-278-7000
Fax: 205-278-7001

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2025, a copy of the foregoing was electronically filed using the CM/ECF system, which will send electronic notice of such filing to all counsel of record.

      /s/ Jeff Friedman
OF COUNSEL